IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OSCAR GARNER,

                                    ORDER

            Plaintiff,

                                    09-cv-301-slc[1]

    v.

PETER HUIBREGTSE, Warden;
RUBIN ASCH, RANDY GAYE;
GARY MAIER; CHARLES YUNGHANS; and
SHANNON SHARPE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action brought pursuant to 28 U.S.C. § 1983. Plaintiff Oscar Garner alleges that defendants violated his right under the Eighth Amendment by housing him at the Wisconsin Secure Program Facility despite his severe mental illness.

      Now before the court are plaintiff's motions for leave to proceed in forma pauperis, to appoint counsel and to supplement his complaint. Because plaintiff is a prisoner, his

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

complaint must be screened under 28 U.S.C. § 1915(e)(2). In performing that screening, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, the court must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. 42 U.S.C. § 1915(e).

I conclude that plaintiff's complaint is barred by the doctrine of claim preclusion and must be dismissed. Accordingly, plaintiff's motions to appoint counsel and supplement his complaint will be denied as moot.

ALLEGATIONS OF FACT

A.  Placement at the Wisconsin Secure Program Facility

Plaintiff Oscar Garner arrived at the Wisconsin Secure Program Facility on October 19, 2006. Before entering the facility, plaintiff was diagnosed with "psychosis NOS and emerging schizophrenia." (Plaintiff does not allege who or when he received this diagnosis). There are two methods to insure that mentally ill patients are not housed at the facility: a screening test before an inmate is admitted to the facility and regular monitoring to insure inmates are not developing mental health problems.

On October 31, 2006, defendant Dr. Randy Gage stated that plaintiff has no history

2

of DSM-IV Axis 1 diagnosis. During his entire time at the facility, plaintiff was diagnosed with "309.28 adjustment disorder with mixed anxiety and depressed mood."

On January 11, 2008, plaintiff spoke with defendant Dr. Yunghaus because he learned about the consent decree in Jones 'El v. Litscher, Case No. 00-C-421-C. Under the terms of that decree, the Wisconsin Department of Corrections agreed not to transfer or house seriously mentally ill inmates at the Wisconsin Secure Program Facility out of concern that doing so might well violate the inmates' right to be free from cruel and unusual punishment. Yunghaus told plaintiff that he should solve the problem in house and contact defendant Dr. Gary Maier.

Plaintiff wrote a letter to the lead counsel on the Jones 'El case regarding his claim and received a response on January 17, 2008, informing plaintiff that his name would be forwarded to Dr. Layde to investigate his claim.

On January 22, 2008, plaintiff filed a compliant about his continued placement in Wisconsin Secure Program Facility. Defendant Peter Huibregtse, the warden at the facility, rejected his complaint because it was already being dealt with internally.

Defendant Maier told plaintiff that he would look over his records and see whether there was a history of serious mental illness, in which case he would be transferred.

On January 29, 2008, defendant Dr. Rubin Asch determined that plaintiff needed to be transferred because the facility was not an appropriate place for him. Plaintiff was

3

transferred from the facility on February 2, 2008.

DISCUSSION

From plaintiff's complaint, I understand him to be alleging that the defendants violated his rights under the Eighth Amendment by housing and keeping plaintiff at the Wisconsin Secure Program Facility between October 31, 2006 and February 8, 2008. Plaintiff argues that he is entitled to relief because defendants were in violation of the consent decree issued in Jones 'El v. Litscher, Case No. 00-C-421-C, (W.D. Wis. 2002), a class action lawsuit that challenged the conditions of confinement at the Wisconsin Secure Program Facility. As a general rule, "[a] consent decree is res judicata and thus bars either party from reopening [a] dispute by filing a fresh lawsuit." United States v. Fisher, 864 F.2d 434, 439 (7th Cir. 1988); see also 18 Moore's Federal Practice, § 131.30[3][c][ii] (Matthew Bender 3d ed. 2009) (consent judgments "have the claim preclusive effect of any other final judgment on the merits."); 18A Charles Alan Wright et al., Federal Practice and Procedure § 4443, at 265 (2d ed. 2002) ("[C]onsent judgments ordinarily support claim preclusion but not issue preclusion."). In other words, the parties have agreed to forgo their claims by entering into a settlement. However, because Jones 'El was brought as a class action, plaintiff's claim will be barred only if he was both a member of the class and his claim was certified for class treatment. 5 Moore's Federal Practice, § 23.161[2][a], 23-550-52.

Unfortunately for plaintiff both factors are present in his complaint. The class in Jones 'El included all persons who are now, or will in the future be, confined in the Supermax Correctional Institution in Boscobel, Wisconsin (now known as the Wisconsin Secure Program Facility). Therefore, plaintiff was a class member. In addition, one of the four issues I certified for class treatment included allegations that inmates with serious mental illnesses were not receiving adequate treatment in violation of the Eighth Amendment. Jones 'El, No. 00-C-421-C, dkt. #90, slip op at 27-29 (order dated Aug. 14, 2001). The parties in Jones 'El reached a settlement and the court approved a consent decree settlement on March 8, 2002. Under the terms of the decree, the Wisconsin Department of Corrections agreed not to house seriously mentally ill inmates at the facility out of concern that doing so might well violate the inmates' right to be free from cruel and unusual punishment. The terms of the settlement decree could be enforced only by counsel for the Jones 'El class. In his complaint, plaintiff alleges that he contacted class counsel regarding his complaint that he was improperly housed at the Wisconsin Secure Program Facility because he was an inmate with a serious mental illness. Plaintiff was transferred from the Wisconsin Secure Program Facility within three weeks of notifying class counsel. Therefore, plaintiff received the remedy to which he was entitled under the consent decree.

Now it appears that plaintiff is seeking to collect monetary damages against defendant because he was kept in Wisconsin Secure Program Facility between October 2006 and

5

February 2008. However, the relief sought by plaintiff is barred by the doctrine of claim preclusion. Not only was he a member of the Jones 'El class but his current claim was certified for class treatment. By entering into a settlement agreement that led to the consent decree, the parties entered into "a contract in which [they dealt] away their right to litigate over the subject matter." Fisher, 864 F.2d at 439; see also Gonzalez v. Litscher, 230 F. Supp. 2d 950, 956-57 (W.D. Wis. 2002). Therefore, plaintiff may not pursue his action against defendants on his claims pertaining to the same subject matter and I will deny his request for leave to proceed in forma pauperis and dismiss his claim. Accordingly, plaintiff's motions for appointment of counsel and to supplement his complaint are denied as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Oscar Garner's motion for leave to proceed in forma pauperis on his claims that defendants Peter Huibregtse, Rubin Asch, Randy Gaye, Gary Maier, Charles Yunghans and Shannon Sharpe violated the Eighth Amendment by housing him at the Wisconsin Secure Program Facility between October 31, 2006 and February 5, 2008 is DENIED and his claim is DISMISSED as barred by the doctrine of claim preclusion.

2. Plaintiff's motions to appoint counsel, dkt. #3, and to supplement his complaint, dkt. #8, are DENIED as moot.

6

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Waupun Correctional Institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

4. Because I have dismissed one or more claims asserted in plaintiff's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against plaintiff.

4. The clerk of court is ordered to close this case.

Entered this 27th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge